THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHAEL LEE WIGHT, | ) | Case No. 2:07CV00251 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | | MEMORANDUM DECISION |
| CAROL S. JENSEN, | ) | AND ORDER |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant moves to dismiss this case for lack of jurisdiction. For the reasons that follow the Court agrees that it lacks jurisdiction and that the matter must be dismissed.

Plaintiff asserts in his Complaint that the Court has both federal question and diversity jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 respectively. Nevertheless, Plaintiff does not contest that part of Defendant's Motion which asserts that he "has failed to demonstrate that a federal question is at issue", (Mem. Supp. p.2), and the Court concludes from the pleadings presented that there is no basis for jurisdiction based on a federal question. Plaintiff, however, continues to maintain that diversity jurisdiction exists because his domicile is Salmon, Idaho.

Under the diversity jurisdiction statute, federal courts have original jurisdiction to decide a plaintiff's state-law lawsuit "where the matter in controversy exceeds the sum or value of $75,000" and the dispute "is between citizens of different States". 28 U.S.C. § 1332. A party's citizenship for purposes of the diversity statute is determined by looking to the person's domicile. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). In turn, domicile is determined by finding the last place where a person resided with an intention of remaining there indefinitely. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)("[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there").

In evaluating a claim of diversity jurisdiction, a court must look to the well-pleaded allegations on the face of the party's complaint. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). If those allegations are insufficient to find diversity jurisdiction, the court may also look to other facts developed in the record. *Id*.

Because federal courts are courts of limited jurisdiction, there is a presumption against its existence, and the party invoking federal jurisdiction bears the burden of proof when

diversity is challenged. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

In his Complaint, Plaintiff asserts the he "is and has at all times relevant to this Complaint maintained a 'Domicile' near Salmon, Idaho." Compl. ¶ 5. In support of his claim of diversity jurisdiction, Plaintiff states that he "purchased a 1972 International School Bus for the explicit purpose of living in it in December of 2002 and has located this Bus near Salmon, Lemhi County, Idaho since December of 2002" and that "[m]ost of [his] personal property is stored near Salmon, Idaho, thus establishing evidence that [he] intends to return to his 'domicile' in Idaho." Mem. Opp'n p. 2.

It is well settled that a party's domicile is determined as of the moment the plaintiff's complaint is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Here Plaintiff's Complaint lists his address as Provo, Utah. Plaintiff also admits to renting lodgings in Provo, Utah on a month to month basis. Supp. Mem. Opp'n p. 3. It is also uncontested that Plaintiff does not have an Idaho Driver's License, that he is not registered to vote in Salmon, Lemhi County, Idaho and that he does

not pay taxes in Salmon, Lemhi County, Idaho.[1]  All these facts militate against a finding of diversity.  In sum, based on the present record, the Court concludes that Plaintiff has failed to establish a foundation for diversity jurisdiction over his state law claims.

Accordingly, Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. #4) is granted.

DATED this 25th day of September, 2007.

BY THE COURT:

*David Sam*
_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff has submitted a letter from Salmon Mini Storage that the storage unit he rents was paid to August 31, 2007.